# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Respondent,<br>  vs.<br><br>MARIO ESPARZA-CRUZ,<br><br>        Defendant/Petitioner. | CASE NO. 08CR3513-LAB/11cv1049-LAB<br><br>**ORDER DENYING § 2255 MOTION** |

      Mario Esparza-Cruz pleaded guilty to importing methamphetamine, and the Court sentenced him to 75 months' imprisonment, followed by five years' supervised release. Esparza-Cruz then took an appeal, which was unsuccessful. On May 12, 2011, he filed a motion raising an issue not raised on appeal, *i.e.*, that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The motion did not explain under what provision of law it was being brought, and was accepted by a discrepancy order that directed the clerk to docket it as a motion under 28 U.S.C. § 2255.

      The Court then on May 13 issued an order giving the warning required in *Castro v. United States*, 540 U.S. 375, 382–83 (2003). That order gave Esparza-Cruz the option of withdrawing his motion, filing an amended motion containing all § 2255 claims he believed he had. Petitioner has now filed his amended § 2255 motion (Docket no. 49, the "Motion"). No response from the government is required, because it is clear Esparza-Cruz is not

entitled to relief. § 2255(b). Among other problems, most of Esparza-Cruz's claims are procedurally defaulted because he could have raised them on direct appeal, but failed to do so, and has not shown cause and prejudice. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (giving general rule concerning procedural default, but excepting ineffective assistance of counsel claims). As to all claims, the ineffective assistance of counsel claims and the others, the record makes clear they are meritless.

The Motion attempts to raise numerous grounds for relief. While Esparza-Cruz has made some effort to number them, the separately numbered topics run together or are duplicative, and the headings do not accurately identify the information under them. In this order, the Court addresses each of Esparza-Cruz's substantive claims in the order raised, although they do not correspond exactly to the Motion's numbering scheme.

**Claim 1: Ineffective Assistance of Counsel**

It is apparent much of the Motion's text has been cut and pasted from other pleadings, because most of the claims have no relationship to Esparza-Cruz's case and are not cognizable on § 2255 review. This claim is an example of that: Esparza-Cruz in detail attacks his attorney's performance at trial, accusing the attorney of six legal errors. (Motion at 4.) The claims have no factual basis because Esparza-Cruz did not go to trial; he pleaded guilty. His counsel therefore had no occasion to move to suppress evidence during the trial, to object to misleading testimony, and so forth.

Only two claims have any possible basis in reality. First, Esparza-Cruz argues his attorney failed to investigate witnesses that "would have revealed a factual basis of minimal participation in this offense." Even assuming there were any such witnesses, the Court's denial of minor role adjustment was affirmed on the basis of the large quantity of methamphetamine he was importing, and Esparza-Cruz admitted the fact of the quantity. No witnesses could have rebutted this evidence.

Second, he argues his attorney failed to make unspecified objections to the presentence report and to request a downward departure. This fails, however, because the plea agreement recommends a downward departure for fast-track disposition, as does his

own attorney's sentencing memorandum, which Esparza-Cruz received. Both the plea agreement and sentencing memorandum also recommend other downward adjustments and reductions. Defendant's counsel also requested downward departures on other bases, citing *United States v. Cook*, 938 F.2d 149 (9th Cir. 1991) and *United States v. Mendoza*, 121 F.3d 510 (9th Cir. 1997). Esparza-Cruz does not allege he was eligible for any other departures nor does he identify anything in the presentence report that would have been objectionable.

**Claim 2: Court's Failure to Consider Fast-Track Disparity**

Esparza-Cruz argues the Court should have acknowledged his argument at sentencing for a below-guidelines sentence based on fast-track disparity in this district. No such argument was raised, however, and for two good reasons. First, the Court is forbidden to take such disparities into account. *United States v. Ortega-Lopez*, 2011 WL 1594797, slip op. at *1 (9th Cir. April 28, 2011) (quoting *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 739 (9th Cir. 2009)). More importantly, Esparza-Cruz <u>benefitted</u> from a fast-track departure, so his complaint about disparity is a non-starter.

**Claim 3: Court's Failure to Explain Its Sentence**

This very generalized claim asserts the district court failed to discuss § 3553(a) factors, failed to explain why it rejected his attorney's arguments, and "did not explain why it chose the 75-months middle-range sentence it imposed." (Motion at 5.) This claim is belied by the record, as well as by Esparza-Cruz's brief on appeal, which details his disagreement with the Court's reasoning for imposing the sentence it did and for rejecting his counsel's arguments. (*See, e.g., United States v. Esparza-Cruz*, 09-50150, Defendant-Appellant's Opening Brief (Docket no. 12) at 7–15 (discussing sentencing proceeding); *see also id.* at 15 ("After discussing Mr. Esparza's case and going through the statutory sentencing factors, the court settled on a 75-month sentence . . . .")

The Motion raises these same claims using similar wording more than once, but the ruling on all such claims is the same.

/ / /

**Claim 4: Defective Indictment**

Esparza-Cruz argues that the indictment failed to give notice of the type and amount of drug he was charged with importing, and that it cites 21 U.S.C. § 841(a) but fails to mention § 841(b). This claim has no factual relationship to Esparza-Cruz's case, and appears to have been lifted from some other pleading.

First, Esparza-Cruz waived indictment and agreed to prosecution by information, so there was no indictment to complain of. (Docket no. 11.) Second, the information specifically charges Esparza-Cruz with violating 21 U.S.C. §§ 952 and 960 by importing approximately 2.10 kilograms of methamphetamine on or around September 19, 2008. He was not charged with or convicted in this case of violating § 841 as he now says. Third, the information adequately charges an offense. Any other miscellaneous defects were waived when he pleaded guilty. *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973).

**Claim 5: Ineffective Assistance of Appellate Counsel**

Here, Esparza-Cruz argues his appellate counsel was ineffective for failing to file a timely notice of appeal. This is baseless, because his appellate counsel did file a timely notice of appeal, and pursued an appeal on his behalf.

**Claim 6: Unreasonable Sentence**

Here, Esparza-Cruz merely argues his sentence was longer than necessary, without providing any reasoning or citing any authority. His argument here is not that the sentence exceeded the range authorized by law (it didn't), or that the Court made some procedural error during sentencing (there was none), but simply that a shorter sentence would have sufficed. Mere difference of opinion about the proper sentence, without more, is not a basis for relief under § 2255.

**Claim 7: Because Esparza-Cruz is an Alien, His Sentence Is Too Harsh**

Esparza-Cruz argues the Court was required to sentence him more leniently because, as a deportable alien, he is ineligible for certain Bureau of Prisons programs and will face deportation after his release. While an alien might be eligible for a downward departure, "the bar for such a departure is set very high." *United States v. Martinez*, 2009 WL 4042868, slip

1 | op. at *2 (E.D.Wash., Nov. 18, 2009) (citing *United States v. Charry Cubillos*, 91 F.3d 1342,
2 | 1344 (9th Cir. 1996).  Among other things, the defendant must show the difference in
3 | severity is "substantial" and the Court must be persuaded that the greater severity is
4 | undeserved.  91 F.3d at 1344 (citation omitted).  The circumstances justifying such a
5 | departure are "quite rare." *Id*.  The blanket allegations of general unfairness he makes now
6 | are clearly insufficient, and would have been insufficient even if he had raised them at
7 | sentencing.  *See Martinez* at *1 (discussing rare occasions when departure may be
8 | appropriate, and finding "blanket allegations" inadequate).  Esparza-Cruz's counsel was not
9 | ineffective for failing to raise this unlikely basis for a downward departure.

**Claim 8: Unreasonableness of Sentence; Court's Failure to Consider His Arguments**

This section of the Motion, running from the bottom of page 11 through page 13, is essentially a rehash of arguments raised elsewhere.  The arguments fare no better this time around.  The record shows the Court considered Esparza-Cruz's arguments and the relevant § 3553(a) factors, including Esparza-Cruz's criminal history.  The fact that he thinks his sentence should have been more lenient is not grounds for relief.

**Claim 9: Ineffective Assistance of Trial Counsel**

Esparza-Cruz raises this claim in conclusory fashion on page 14 of his Motion, in response to the question "Is there any ground in this motion that you have not previously presented in some federal court? . . . ."  Apparently he is seeking discovery to support his claim.  As noted, Esparza-Cruz pleaded guilty and did not go to trial.  No discovery is required or appropriate, because the strategic errors he identified earlier never occurred.

**Conclusion and Order**

Having reviewed these and other claims raised in the Motion, the Court finds no basis for granting relief.  The Motion is therefore **DENIED**.  The standard for issuance of a

/ / /
/ / /
/ / /
/ / /

certificate of appealability is not met, *see* 28 U.S.C. § 2253(c)(2)*; Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)*,* so the certificate is likewise **DENIED**.

**IT IS SO ORDERED**.

DATED: July 8, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge